UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DEBORAH LAUFER, Individually,

    Plaintiff,

v.

                                                    Case No. 20-CV-799

CARRIER ACCOMMODATIONS, LLC d/b/a
SEAGULL BAY MOTEL,

    Defendant.

---

**DEFENDANT CARRIER ACCOMMODATIONS, LLC d/b/a SEAGULL BAY MOTEL'S ANSWER TO PLAINTIFF'S COMPLAINT**
_____

    NOW COMES the defendant, Carrier Accommodations, LLC d/b/a Seagull Bay Motel, by their attorneys, Ellison & David, LLP, by Keith F. Ellison, and as and for an answer to the plaintiff's complaint, admit, deny and allege as follows:

    1.    Answering paragraph 1, the defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of plaintiff's complaint.

    2.    Answering paragraph 2, the defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of plaintiff's complaint.

    3.    Answering paragraph 3, the defendant admits the allegations contained in paragraph 3 of the Complaint to the extent it states that Carrier Accommodations, LLC is a domestic corporation which owns the property located at 325 S. 7th Street, Bayfield, Wisconsin, known as the Seagull Bay Motel, but deny the remainder of the plaintiff's allegations contained in paragraph 3 of the Complaint and refer all questions of law to the Court.

4. Answering paragraph 4, the defendant denies the allegations contained in paragraph 4 of plaintiff's complaint.

5. Answering paragraph 5, the defendant denies the allegations contained in paragraph 5 of plaintiff's complaint.

6. Answering paragraph 6, the plaintiff's allegations in paragraph 6 call for a legal conclusion for which no responsive averment is required. To the extent a response is deemed required, the defendant denies the allegations.

7. Answering paragraph 7, the plaintiff's allegations in paragraph 7 call for a legal conclusion for which no responsive averment is required. To the extent a response is deemed required, the defendant denies the allegations.

8. Answering paragraph 8, the defendant denies the allegations contained in paragraph 8 of plaintiff's complaint.

9. Answering paragraph 9, the defendant denies the allegations contained in paragraph 9 of plaintiff's complaint.

10. Answering paragraph 10, the defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of plaintiff's complaint.

11. Answering paragraph 11, the defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12. Answering paragraph 12, the defendant denies the allegations contained in paragraph 12 of plaintiff's complaint.

13. Answering paragraph 13, the defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14. Answering paragraph 14, the defendant denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. Answering paragraph 15, the defendant denies the allegations contained in paragraph 15 of plaintiff's complaint.

16. Answering paragraph 16, the defendant denies the allegations contained in paragraph 16 of plaintiff's complaint.

17. Answering paragraph 17, the defendant denies the allegations contained in paragraph 17 of plaintiff's complaint.

18. Answering paragraph 18, the defendant denies the allegations contained in paragraph 18 of plaintiff's complaint.

19. Answering paragraph 19, the defendant denies the allegations contained in paragraph 19 of plaintiff's complaint.

**AFFIRMATIVE DEFENSES**

20. Defendant further asserts the following separate and affirmative defenses:

    a. As a separate and distinct affirmative defense, the plaintiff's complaint fails to state a claim upon which relief may be granted against the defendant.

    b. As a separate and distinct affirmative defense, the plaintiff's complaint should be dismissed for insufficient of process and/or insufficiency of service of process.

    c. As a separate and distinct affirmative defense, if the plaintiff was injured as alleged, which is denied, the same was due to the acts or omissions of others for whom the defendant is not responsible.

    d. As a separate and distinct affirmative defense, that the structure of the motel was built prior to the creation of the ADA Standards and has had no modification to same for which the ADA Standards required modifications and, accordingly, said motel is "grand-fathered in" to be in compliance with the ADA Standards until such time that modification as defined under the Standards occurs.

    e. As a separate and distinct affirmative defense, the defendant states that the accommodation requested is unreasonable and/or would create an undue hardship.

    f. As a separate and distinct affirmative defense, the plaintiff has failed to establish a prima facie case of discrimination.

    g. As a separate and distinct affirmative defense, the plaintiff lacks standing.

h. As a separate and distinct affirmative defense, the defendant states that the action is barred by the applicable statute of limitations.

i. As a separate and distinct affirmative defense, the Court lacks subject matter jurisdiction.

j. As a separate and distinct affirmative defense, the plaintiff has not suffered and will not suffer an injury in fact.

k. As a separate and distinct affirmative defense, the defendant's website is not a physical location for purpose of public accommodation.

l. As a separate and distinct affirmative defense, the defendant provides reasonable alternative accommodations.

m. As a separate and distinct affirmative defense, the plaintiff's claim for relief violates due process.

n. As a separate and distinct affirmative defense, the plaintiff's claim should be dismissed pursuant to the primary jurisdiction doctrine.

o. As a separate and distinct affirmative defense, the defendant reserves the right to supplement the affirmative defenses pled herein.

WHEREFORE, Defendant prays for judgment from the Court as follows:

1. That judgment be entered in favor of Defendant dismissing all claims;

2. Award the defendant their attorneys' fees along with their costs and disbursements of this action;

3. Any other relief that the court deems equitable and just.

THE DEFENDANTS HEREBY MAKE A DEMAND FOR A TRIAL BY JURY ON ALL TRIABLE MATTERS.

ELLISON & DAVID, LLP

Dated: December 30, 2020        /s/ Keith F. Ellison
Keith F. Ellison (State Bar No. 1017417)
Attorneys for Defendant
630 Fourth Street
Wausau, WI 54403
(715) 845-1151 / 845-1167 (FAX)
email: kfe@wedlaw.net